IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### JUNE TERM, 1916.

---

CARNEGIE STEEL COMPANY v. PATRICK CONNELLY.

Submitted December 2, 1915—Decided June 8, 1916.

1. Where defendant ordered a quantity of steel bars of special lengths over the telephone and afterward confirmed the order by letter, and the plaintiff accepted the order and performed its part of the contract, the defendant cannot thereafter set up in a court of justice as a defence to his breach of the contract that the letter was written under a mistaken understanding by him of what the real contract was, or that it contained statements that he did not intend to make.
2. The law will not permit the introduction of evidence by the defendant to show that information given by him to the plaintiff, and intended as the basis of action by the latter, and which has in fact been acted upon in conformity thereto, was unintentionally untrue, where the object is to throw a loss upon the plaintiff, who has changed his position, relying on the truth of such statements.

---

On plaintiff's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the rule, *Lindabury, Depue & Faulks.*

*Contra, Edwards & Smith.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This was an action brought to recover the contract price of approximately fifty tons of steel bars agreed to be purchased by the defendant from the plaintiff on September 25th, 1914, for the price of $1,280. The defence was that only ten tons of the steel bars had been delivered, and that there was no obligation on the defendant to pay for any greater amount.

The proofs showed that the order for the steel bars was given by the defendant personally over the telephone, and was received at the plaintiff company's office by one Bailey, a clerk in the office, who made a memorandum of it, item by item, as Mr. Connelly gave it. After this memorandum was made Bailey read the order back to the defendant, and asked him if it was correct, the latter replying that it was O. K. and to go ahead with the order. The price agreed upon at this conversation was two cents per pound. Bailey then asked for a confirmation of the order by letter. Connelly agreed to comply with this request, and sent the letter, in which he stated: "I accept your proposition of this date over wire of furnishing me with 1″ steel bars, twisted, from your Waverly warehouse;" and then follows a specification of the number of pieces and their respective lengths. This specification makes up a total of approximately fifty tons of the bars. Upon the receipt of this letter, the defendant, being in a great hurry for the material, the order was at once put into execution, the deliveries being started on the next day after the receipt of the order. After about ten tons had been received by Mr. Connelly, he telephoned the plaintiff that he had received all of the rails he then needed, and that, if any more were intended to be shipped, there was a mistake in the order and that the plaintiff should cancel it. This the plaintiff refused to do, having cut the rails to special lengths in compliance

with the defendant's request. Later, the defendant having refused to pay for any of the steel bars in excess of the quantity actually received, the present suit was brought to recover the contract price of the fifty tons. The defence, as has already been indicated, was that Connelly in fact had only ordered ten tons; that his order had been misunderstood over the telephone, and that his letter of confirmation was written under a mistake of fact as to what the order really was. The finding of the jury was practically in favor of the defendant, repudiating the plaintiff's claim, except as to the amount of steel bars actually received and accepted by the defendant.

This verdict cannot be sustained. In the first place, the letter of confirmation, written by Connelly, specifying, item by item, the quantities of steel bars contracted for, was an affirmation of the terms of the contract as understood by the plaintiff, and entirely justified it in proceeding forthwith to execute the provisions thereof. Having declared the provisions of this contract, and thus induced the plaintiff to perform it according to the terms exhibited in this letter, the defendant cannot thereafter set up in a court of justice as a defence to his breach of it that the letter was written under a mistaken understanding of what the real contract was, or that it contained statements which he had not intended to make. The law will not permit the introduction of evidence by the defendant to show that information given by him to the plaintiff, and intended as the basis of action, by the latter, and which has in fact been acted upon in conformity thereto, was unintentionally untrue, where the object is to throw a loss upon the plaintiff, who has changed his position, relying on the truth of such statement. *Campbell* v. *Nichols, 33 N. J. L.* 81, 87.

In the second place, aside from the doctrine just adverted to, the great preponderance of the evidence is in favor of the conclusion that the contract was in fact that which was exhibited in Connelly's letter of confirmation, and that changed conditions in the work upon which he was engaged, and for the carrying on of which he had given the order for these steel

bars, induced him to repudiate the contract which he had knowingly entered into with the plaintiff.

The rule to show cause will be made absolute.